UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECIL JEROME HATCHETT,

Petitioner,

v.

KEN CLARK,

Respondent.

Case No.  2:26-cv-2394-JDP (P)

ORDER

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief. Therein, he argues that his "1172.1 motion" was improperly denied for "improper jurisdiction beliefs." ECF No. 1 at 5. This claim, however, appears non-cognizable insofar as it arises exclusively under state law. Out of an abundance of caution, I will grant petitioner an opportunity to amend his petition and explain why it should proceed. I will also grant his application to proceed *in forma pauperis*, ECF No. 2.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

1

Petitioner's sole claim is that the state courts wrongfully denied his "1172.1 motion." ECF No. 1 at 5.  Under Section 1172.1 of the California Penal Code, a state trial judge may, *sua sponte*, or on motion of certain state officers, recall and resentence a criminal defendant.  Cal. Penal Code § 1172.1(c).  Courts in this circuit have routinely, and correctly in my view, held that this issue of pure state law does not give rise to a viable federal habeas claim.  *See, e.g.*, *Gooden v. Johnson*, No. 2:24-cv-02648-DDP-PD, 2024 U.S. Dist. LEXIS 243453, *4 (C.D. Cal. Nov. 21, 2024) ("Petitioner's claim is not cognizable on federal habeas review because it is premised exclusively on an issue of state law—namely, whether the trial court should exercise its newfound discretion under section 1172.1 to recall his sentence and resentence him.").  And petitioner may not convert his state law claim into a federal one simply by alleging that it is violative of his due process rights.  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Out of an abundance of caution, I will give petitioner one opportunity to amend and explain why, if at all, this action should proceed.

Accordingly, it is ORDERED that:

1.     Petitioner's application to proceed *in forma pauperis*, ECF No. 2 is GRANTED.

2.     The petition, ECF No. 1, is DISMISSED with leave to amend.

3.     Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4.     Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.     The Clerk of Court shall send petitioner a habeas petition form.  If he files an amended petition, he must use this form.

IT IS SO ORDERED.

Dated:    July 10, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2