UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CECIL JEROME HATCHETT,

Petitioner,

v.

KEN CLARK,

Respondent.

Case No. 2:26-cv-2394-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief on July 8, 2026. ECF No. 1. After review of the initial petition, I found that the claims were non-cognizable insofar as they arose purely under state law. ECF No. 5. I gave petitioner leave to amend, and he has filed an amended petition, ECF No. 6. After review of that petition, I find that the same deficiency remains, and I now recommend that this action be dismissed for failure to state a cognizable federal habeas claim.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

As I found in my previous screening order, petitioner's claim is premised on the state court's allegedly wrongful denial of his "1172.1 motion." ECF No. 6 at 6. Under Section 1172.1 of the California Penal Code, a state trial judge may, sua sponte or on motion of certain state officers, recall and resentence a criminal defendant. Cal. Penal Code § 1172.1(c). I informed petitioner that claims arising under section 1172.1 are issues of pure state law that do not give rise to a viable federal habeas claim. *See Gooden v. Johnson*, No. 2:24-cv-02648-DDP-PD, 2024 U.S. Dist. LEXIS 243453, *4 (C.D. Cal. Nov. 21, 2024) ("Petitioner's claim is not cognizable on federal habeas review because it is premised exclusively on an issue of state law—namely, whether the trial court should exercise its newfound discretion under section 1172.1 to recall his sentence and resentence him.").

In his amended petition, petitioner argues that his claims do implicate a federal claim because they are violative of his Eighth Amendment and due process rights. ECF No. 6 at 6-8. He is incorrect. The failure to resentence a petitioner does not implicate or run afoul of the Eighth Amendment's prohibition on cruel and unusual punishment. *See Buren v. Gee*, No. 22-cv-01563-BLF, 2023 U.S. Dist. LEXIS 2073, *13 (N.D. Cal. Jan. 5, 2023); *Martirosyan v. Baries*, No. 2:21-cv-06433-PA (MAR), 2024 U.S. Dist. LEXIS 116833, *51 (C.D. Cal. Feb. 16, 2024) ("Plaintiff has cited no authority indicating that failure to make a discretionary resentencing recommendation constitutes deliberate indifference in violation of the Eighth Amendment."). And, as I specifically informed him in my prior screening order, he cannot convert a purely state law claim into a federal one simply by invoking his due process rights. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Based on the persistence of the same deficiency, I find that further leave to amend is unwarranted.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the amended petition, ECF No. 6, be DISMISSED without leave to amend for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE